# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ARNOLDO J. MENDOZA-PACHECO,**　　　　　　　　　　　　　　　**PLAINTIFF**
**# 59290-379**

**VERSUS**　　　　　　　　　　　　　　　　　**CAUSE NO. 2:24cv22-KS-MTP**

**FORREST COUNTY JAIL MEDICAL and**
**LISA GATWOOD**　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Having considered the record and the applicable law, the undersigned recommends that this case be dismissed without prejudice.

*Pro se* Plaintiff Arnoldo J. Mendoza-Pacheco initiated this action on February 21, 2024. At the time, he was a pretrial detainee at the Forrest County Adult Detention Center.

On October 16, 2024, the Court issued a Notice of Lawsuit and Request to Waive Service of Process to Defendant Lisa Gatwood. The next day, the Court entered the Order of Referral [21]. A copy of both Orders [19, 21] were mailed to Mendoza-Pacheco's address of record, but the second was returned as undeliverable on December 6, and the first was returned on December 30. On January 6, 2025, Gatwood notified the Court that the Answer she mailed to Mendoza-Pacheco's address of record was likewise returned as undeliverable. Having received no change of address, the Court ordered him to show cause why this case should not be dismissed for failure to keep the Court apprised of his address. The response was due January 22.

When Mendoza-Pacheco did not respond or provide a change of address, the Court

entered the Second Order to Show Cause [31], on February 7, 2025, giving him another chance to respond. The Order required him to do so by February 21, but he did not respond as ordered.

Both Orders to Show Cause [30, 31] were sent to Mendoza-Pacheco's address of record, and the first was not returned as undeliverable, but the second one was. To date he has not responded or otherwise contacted the Court. The Court has warned Mendoza-Pacheco that failure to prosecute or obey any Order of the Court, including keeping the Court apprised of his address, may lead to the dismissal of the Complaint. (Order [31]); (Order [30] at 1); (Order [21]); (Order [19] at 2); (Order [14]); (Order [10]); (Order [6]); (Order [5] at 3); (Order [3] at 1). It is apparent from Mendoza-Pacheco's failure to comply that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since the Court has not considered the merits of the claims, the undersigned recommends that the case be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice for failure to prosecute and obey Court Orders.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 24th day of March, 2025.

s/ Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE